**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LELAND SALLOR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1687-KC** |
| | § | |
| **WARDEN, CAMP EAST** | § | |
| **MONTANA, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case.  On June 18, 2026, Leland Sallor filed a

Petition for a Writ of Habeas Corpus, ECF No. 3.  On June 22, the Court ordered Respondents to

show cause why the Court should not grant the application for a writ of habeas corpus.  June 22,

2026, Order, ECF No. 2.

Respondents have now filed a Response, ECF No. 6, in which they state that, as a lawful

permanent resident that is charged as removable, Sallor "can seek a custody redetermination

hearing before the immigration judge under 8 U.S.C. § 1226, *he just simply hasn't requested it*."

*Id.* at 3 (emphasis in original).  Thus, Respondents argue that Sallor has not exhausted his

administrative remedies, and his Petition should be denied as premature.  *Id.* at 4.  In the

alternative, Respondents argue that the proceedings should be stayed to allow Sallor to seek a

bond hearing before the immigration judge.  *Id.* at 5.

Accordingly, the Court **ORDERS** that Sallor shall **FILE** a reply to Respondents'

Response, **by no later than July 21, 2026**, answering the following questions:

(1) Have you requested a bond hearing from the immigration court?  If so, when did you

request a bond hearing and how did you make the request to the immigration court?

(2) If you requested a bond hearing, were you given a bond hearing?  If so, when was the

bond hearing?

(3) If you were given a bond hearing, were you granted or denied bond?  If you were

denied bond, what was the reason the Immigration Judge denied bond?

**SO ORDERED**.

**SIGNED this 30th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2