**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **LELAND SALLOR,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1687-KC** |
| **WARDEN, CAMP EAST MONTANA, et al.,** | § | |
| **Respondents.** | § | |

# ORDER

On this day, the Court considered the case. On August 14, 2026, the Court ordered Respondents to provide Leland Sallor with a bond hearing before an Immigration Judge ("IJ") by August 21. Aug. 14, 2026, Order 2, ECF No. 17. On August 21, Respondents informed the Court that Sallor was provided with a bond hearing on August 18, at which he was denied bond for flight risk. Status Report, ECF No. 19; *see id.* Ex. A ("IJ Order"), ECF No. 19-1. Finding no matters remained to be resolved, the Court closed the case. Final J., ECF No. 20.

Sallor has now sent a Letter, ECF No. 25, to the Court on August 27. He informs the Court that his health is rapidly declining. *Id.* And asks that the Court order his release while his removal proceedings remain pending on appeal. *Id.*

This Court, however, lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Here, Sallor was provided with a bond hearing on August 18, and there is no indication that the IJ failed to make factual findings or conduct an individualized determination. To the extent Sallor disagrees with the IJ's determination, he may file an appeal with the Board of Immigration Appeals or request a

custody redetermination. Whether the Court agrees with the IJ's flight risk determination is of no importance—the Court simply lacks jurisdiction to review such a discretionary finding. *See Lopez-Arevelo*, 801 F. Supp. 3d at 678–79.The case shall remain closed.

**SO ORDERED**.

**SIGNED this 1st day of September, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE